IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BUTTE DIVISION

| | |
|---|---|
| JEREMY RASKIEWICZ,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>MENTAL HEALTH SERVICES OF MONTANA; UNITED STATES DISTRICT COURT, DISTRICT OF MONTANA (AS FEDERAL ENTITY); DR. RUTH LEE; AND COMMUNITY HEALTH CENTER, BUTTE, MONTANA,<br><br>　　　　Defendants. | Cause No. CV 09-16-BU-RFC-CSO<br><br>FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO DISMISS COMPLAINT |

Plaintiff Jeremy Raskiewicz, a state prisoner proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983. This Court issued an Order permitting Raskiewicz to file an amended complaint after finding his original Complaint failed to state a claim upon which relief could be granted. (Court's Doc. No. 4).

In his Amended Complaint, Raskiewicz alleges his civil right to petition the government was violated on February 13, 2009, when a

document entitled "Notice and Petition" was returned to him not filed. Presumably this claim is lodged against the United States District Court. He also complains he was referred to as having a mental illness at a March 4, 2008, restitution hearing based upon the introduction of medical records, without consent, from Community Health Center and Mental Health Services. His allegations are construed as a claim that his rights were violated when the alleged misdiagnosis of a mental illness was utilized in court and thus violated his right to petition the government for redress of a grievance.

The Court will now complete the prescreening process as required pursuant to 28 U.S.C. § 1915 and 28 U.S.C. § 1915A.

I. ANALYSIS

A. United States District Court as Defendant

Raskiewicz names the United States District Court as a Defendant presumably regarding the return of a document entitled "Notice and Petition." The United States has not waived its sovereign immunity. "The United States, including its agencies and its employees, can be sued only to the extent that it has expressly waived

its sovereign immunity." Kaiser v. Blue Cross of California, 347 F.3d 1107, 1117 (9th Cir. 2003) (citing United States v. Testan, 424 U.S. 392, 399, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976)).  Raskiewicz has not demonstrated the United States waived its sovereign immunity.  Moreover, it is unclear under what legal theories Raskiewicz seeks relief or even what legal theories might be available to Raskiewicz.  As such, all claims against the United States District Court should be dismissed with prejudice as the United States has not waived its sovereign immunity for this action.

    B.  <u>Disclosure of Medical Records</u>

    As in his original Complaint, Raskiewicz faults Community Health Center and Mental Health Services of Montana for misdiagnosing and maintaining documentation of him having mental illness.  In his original Complaint Raskiewicz alleged the attorneys and the "Court of his current conviction" obtained this information and believing him to be mentally deficient did not follow the law exactly as it was written.  He alleges that as a result he was not taken seriously when he petitioned the Court.

As set forth in the Court's prior Order, Raskiewicz appears to be seeking to challenge his conviction or sentence and such claims are barred by Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). Raskiewicz's conviction and sentence has not been reversed, declared invalid, expunged, or called into question and therefore he cannot challenge his conviction in a civil action brought pursuant to 42 U.S.C. § 1983. Thus, any allegation regarding the use of his medical records affecting his criminal proceedings fails to state a claim upon which relief may be granted.

In addition, in the Court's prior Order, Raskiewicz was advised that he failed to allege that Defendants Community Health Center and Dr. Ruth Lee are "person[s] acting under color of state law." West v. Atkins, 487 U.S. 42 (1988). Raskiewicz failed to correct this deficiency in his Amended Complaint. As there is still no allegation that Community Health Center is a state agency or that Dr. Lee is a state official, Raskiewicz's allegations against these Defendants fail as a matter of law.

Finally, Raskiewicz's continues to challenge the future disclosure

of his health care information. This allegation, as stated in the Amended Complaint, still fails to state a claim. In situations, such as this case, where no violation of the law has yet occurred, there must be evidence that a violation is "actual or imminent, not conjectural or hypothetical." Alaska Right to Life v. Feldman, 504 F.3d 840, 849 (9th Cir. 2007). Raskiewicz's allegations regarding future disclosure of his mental health records are speculative and there is no allegation that any future disclosure of mental health records is imminent. As such, these allegations fail to state a claim upon which relief may be granted.

## II. CONCLUSION

For the reasons set forth above and the reasons set forth in the Court's prior Order permitting Raskiewicz permission to file an amended complaint, Raskiewicz's Amended Complaint fails to state a claim upon which relief may be granted. The Court has given Raskiewicz an opportunity to file an Amended Complaint and he failed to cure the deficiencies discussed and explained in the Court's prior Order. Accordingly, the Court concludes that the defects set forth above cannot be cured by the allegation of other facts. As such,

Raskiewicz's Complaint should be dismissed.

    A. "Strike" under 28 U.S.C. § 1915(g)

The Prison Litigation Reform Act (PLRA) prohibits prisoners from bringing forma pauperis civil actions if the prisoner has brought three or more actions in federal court that were dismissed for frivolousness, maliciousness, or for failure to state a claim. 28 U.S.C. § 1915(g). The Court should designate this case as a "strike" under this provision because Raskiewicz fails to state a claim upon which relief may be granted.

    B. Certification Regarding Appeal

The Federal Rules of Appellate Procedure provide as follows:

> [A] party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless:
> (A) the district court-before or after the notice of appeal is filed-certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding;

Fed. R.App.P. 24(a)(3)(A).

    Analogously, 28 U.S.C. § 1915(a)(3) provides "[a]n appeal may not

be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." The good faith standard is an objective one. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A plaintiff satisfies the "good faith" requirement if he or she seeks review of any issue that is "not frivolous." Gardner v. Pogue, 558 F.2d 548, 551 (9th Cir. 1977) (quoting Coppedge, 369 U.S. at 445). For purposes of section 1915, an appeal is frivolous if it lacks any arguable basis in law or fact. Neitzke, 490 U.S. at 325, 327; Franklin v. Murphy, 745 F.2d 1221, 1225 (9th Cir. 1984). "[T]o determine that an appeal is in good faith, a court need only find that a reasonable person could suppose that the appeal has some merit." Walker v. O'Brien, 216 F.3d 626, 631 (9th Cir. 2000).

Raskiewicz's failure to state a claim is so clear no reasonable person could suppose an appeal would have merit. Therefore, the Court should certify that any appeal of this matter would not be taken in good faith.

    C. <u>Address Changes</u>

At all times during the pendency of these actions, Raskiewicz SHALL IMMEDIATELY ADVISE the Court of any change of address

and its effective date.  Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS."  The notice shall contain only information pertaining to the change of address and its effective date.  The notice shall not include any motions for any other relief.  Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Based upon the foregoing, the Court issues the following:

RECOMMENDATION

1.  Raskiewicz's Complaint and Amended Complaint should be DISMISSED WITH PREJUDICE for failure to state a claim upon which relief may be granted.

2.  The Clerk of Court should be directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3.  The Clerk of Court should be directed to have the docket reflect that the dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g) because Raskiewicz failed to state a claim upon which relief may be granted.

    4. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Fed.R.App.P. 24(a)(3)(A) that any appeal of this decision would not be taken in good faith. The record makes plain the instant Complaint is frivolous as it lacks arguable substance in law or fact.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

    Pursuant to 28 U.S.C. § 636(b)(1), Raskiewicz may serve and file written objections to this Findings and Recommendation within ten (10) business days of the date entered as indicated on the Notice of Electronic Filing. Any such filing should be captioned "Objections to Magistrate Judge's Findings and Recommendation."

    A district judge will make a de novo determination of those portions of the Findings and Recommendation to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendation. Failure to timely file written objections may bar a de novo determination by the district judge and may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

This is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.Civ.P. 4(a)(1), should not be filed until entry of the District Court's final judgment.

DATED this 28th day of October, 2009.

                                              /s/ *Carolyn S. Ostby*
                                              Carolyn S. Ostby
                                              United States Magistrate Judge